**Kathleen M. COX, Plaintiff–Appellant,**

v.

**AMERICAN DRUG STORES, INC. d/b/a, Osco Drug Stores, Defendant–Appellee.**

No. 03–2462.

United States Court of Appeals, Seventh Circuit.

Submitted March 25, 2004.*

Decided June 25, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argu-

Kathleen M. Cox, West Dundee, IL, pro se.

Lisa A. Wetzel, Matkov, Salzman, Madoff & Gunn, Chicago, IL, for Defendant–Appellee.

Before POSNER, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

### ORDER

Former employee Kathleen Cox sued her employer, the Osco Drug Store, under Title VII, 42 U.S.C. §§ 2000e *et seq.*, alleging that Osco discriminated against her on the basis of her sex, subjected her to a hostile work environment, and retaliated against her. The district court granted summary judgment for Osco because: (1) the majority of Cox's claims based on discrete acts of discrimination were time-barred; (2) Cox had not shown that her work environment was objectively hostile or abusive; and (3) Cox could not establish a prima facie case of retaliation or rebut Osco's proffered reasons for demoting her.

Proceeding pro se on appeal, Cox fails to set forth any argument for reversing the decision of the district court. Her appeal consists of requests that we review various facts and documents that were not presented to the district court, and we have held that issues not raised before the district court are waived on appeal. *See, e.g., Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir.2002). Furthermore, we note that Cox's appellate brief fails to conform to the requirements of Fed. R.App. P. 28(a)(9), because she failed to present a coherent legal argument supported by relevant citations to the record and to legal authority. We

ment is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See*

have dismissed pro se litigants' appeals for similar deficiencies. *See, e.g., Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001).

DISMISSED.